[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15954
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 5, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00220-CR-ORL-22-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME SANDOVAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 5, 2008)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Jaime Sandoval appeals his convictions for one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), b(1)(A)(ii) and 21 U.S.C. § 846 (Count One), and two counts of aiding and abetting the possession of five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(ii) and 18 U.S.C. § 2 (Counts Two and Three). Prior to his trial, Sandoval petitioned the court for a writ of habeas corpus *ad testificandum*, along with filing a motion for a continuance of trial, to obtain the testimony of a Massachusetts prisoner, Mark Groccia, who had been in contact with one of the two confidential informants (CI) used in this case. Sandoval stated this testimony would show the CI was not properly supervised, and would also relate to the CI's alleged past drug sales. The district court denied Sandoval's request.

During the trial, Sandoval informed the court he wanted to proffer the testimony of Fritz Scheller, the attorney for Stephanie Franzi, an identified witness in the case who was debriefed on March 29, 2006, regarding her knowledge of Sandoval and one of the CIs. Sandoval contended Scheller's testimony regarding Franzi's debriefing statements would not be hearsay because the testimony was not being offered to prove the truth of the matter asserted. The court allowed Sandoval to proffer Scheller's testimony, but did not permit the jury to hear this testimony.

2

On appeal, Sandoval contends the district court abused its discretion when it (1) denied his petition for a writ of habeas corpus *ad testificandum* and related motion for a continuance, and (2) excluded Scheller's testimony. We address each issue in turn, and affirm the judgment of the district court.

I.

A prisoner's presence at trial is secured by a writ of habeas corpus *ad testificandum*, the grant or denial of which is "committed to the sound discretion of the district court." *United States v. Rinchack*, 820 F.2d 1557, 1567 (11th Cir. 1987). We review the denial of such a writ for an abuse of discretion. *United States v. Wright*, 63 F.3d 1067, 1070 (11th Cir. 1995). Generally, however, courts have required defendants in criminal cases requesting petitions for writs of habeas corpus *ad testificandum* to comply with the requirements of Fed. R. Crim. P. 17(b). *Id.* The grant or denial of a Rule 17(b) motion is reviewed for an abuse of discretion. *Rinchack*, 820 F.2d at 1566. The defendant bears the burden of articulating specific facts that show the relevancy and necessity of the requested witness's testimony. *United States v. Hegwood*, 562 F.2d 946, 952 (5th Cir. 1977).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Here, the district court denied Sandoval's petition for a writ of habeas corpus, as well as Sandoval's request for a continuance to secure Groccia's presence, because Sandoval failed to proffer testimony by Groccia that would be admissible at trial. Sandoval bore the burden of establishing the relevancy and necessity of Groccia's presence for an adequate defense, and by failing to show Groccia would testify at trial and would not raise his Fifth Amendment privilege against self-incrimination, Sandoval could not show how Groccia was necessary to the defense. *See* Fed. R. Crim. P. 17(b); *Hegwood*, 562 F.2d at 952. Moreover, the information Sandoval sought to elicit through Groccia's testimony was not necessary to his entrapment defense because it could not establish in any way the CI induced Sandoval into committing the crimes of which he was accused. Because Sandoval did not establish the prisoner-witness's presence at trial was necessary for an adequate defense, the district court did not abuse its discretion in denying his petition for a writ of habeas corpus *ad testificandum* and accompanying motion for a continuance.

## II.

We review a district court's evidentiary rulings for an abuse of discretion. *United States v. Hands*, 184 F.3d 1322, 1326 (11th Cir. 1999). Hearsay is a "statement, other than one made by the declarant while testifying at the trial or

4

hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is inadmissible unless excepted by another rule, none of which is relevant to this case. Fed. R. Evid. 802.

Sandoval contends Scheller's testimony was not being offered to prove the truth of the matter asserted, but was instead offered to rebut testimony by two of the DEA agents in this case, or their March 29th debriefing report. To effectively rebut the testimony of the agents or the prepared report, however, Sandoval would necessarily be offering Franzi's statements for their truth, not merely for the fact the statements were made. *See United States v. Webster*, 649 F.2d 346, 349 (5th Cir. 1981) ("Where the alleged fact is only so if the substance of the statement is the truth, the statement constitutes hearsay."). Because the testimony Sandoval sought to introduce was hearsay and was not subject to any exception, the district court properly excluded it. Accordingly, we affirm Sandoval's convictions.

**AFFIRMED.**